**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**BYUNG SOO KI, Defendant**

High Court of American Samoa
Trial Division

CR No. 47-96

January 10, 1997

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel:       For Plaintiff, Lionel L. Riley, Assistant Attorney
               General
               For Defendant, Barry I. Rose

Opinion and Order:

## INTRODUCTION

On August 23, 1996, defendant Byung Soo Ki, ("Ki") was sentenced to a six-month term of imprisonment at the Territorial Correctional Facility, following his conviction for assault. On September 30, 1996, the Acting Commissioner of Public Safety approved daily work release for the defendant, who left custody for the first time on October 7, 1996. The Attorney General's office subsequently learned of the release and filed with the court on October 17, 1996, an expedited request for hearing of its motion to prohibit any further work release for the defendant. Grounds cited for the motion was that work release was granted in violation of the Department of Public Safety "Standard Operating Procedures Manual" ("SOPM"), Section 7.1.1.6, which required that "[a] person sentenced on a misdemeanor may be eligible or weekend after serving a **minimum of three months**." Affidavit of [Plaintiff's] Counsel, at 2. We granted the expedited request and set the matter for hearing on October 21, 1996.

At the hearing, defendant sought summary dismissal of the motion, arguing that the court had no jurisdiction on matters of prison administration, an executive function. We summarily rejected defendant's contention, noting our inherent jurisdiction to ensure that the court's process was properly enforced and not negated through arbitrary executive action. Moreover, there is a strong presumption in favor of judicial review of agency action which can be overcome only by clear and convincing evidence that the Fono intended to cut off review above the agency level. *See National Ass'n of Postal Sup'rs v. U.S. Postal Service*, 602 F.2d 420 (D.C. Cir. 1979); *Jaimez-Revolla v. Bell*, 598 F.2d 243 (D.C. Cir. 1979). Defendant has not presented clear and convincing evidence that the Fono intended the Territorial Correctional Facility to conduct prison affairs beyond the purview of the High Court.

After hearing from counsel, we continued the matter and ordered an evidentiary hearing, requiring, among other things, the presence of the Warden of the Territorial Correctional Facility, and subsequently, the presence of the Acting Commissioner of Public Safety.

---

[1] On the day prior to the evidentiary hearing, the Acting Commissioner informed the prosecuting attorney that he had decided to revoke the defendant's work release. The prosecuting attorney then withdrew his

## DISCUSSION

■ The Commissioner of Public Safety does not possess unbridled discretion to release willy nilly persons sentenced by the Court to a term of imprisonment at the Territorial Correctional Facility. A.S.C.A. § 46.2303(c), provides:

> A sentence of imprisonment for a misdemeanor shall be for a definite term and the Court shall commit the defendant to the territorial correctional facility . . . . for the term of his sentence until released under procedures established elsewhere by law.

The Fono has not passed any laws authorizing anyone to grant prisoners temporary releases under any circumstances.[2]

■ Assuming, without deciding, that "law" in A.S.C.A. § 46.2303(c) encompasses rules and regulations that the Governor or his Executive Agencies promulgate pursuant to Article IV, § 6 of the Revised Constitution of American Samoa, we hold that the SOPM rules with respect to early release programs must comport with the requirements of the Administrative Procedure Act. Unlike portions of the SOPM dealing exclusively with internal management, *see Sala v. American Samoa Government*, 21 A.S.R.2d 50, 58 (Tr. Div. 1992), SOPM sections dealing with work release are "rules" as the courts have construed the term: they are generally binding on the affected public, they provide specific standards to regulate future conduct, and they make a substantive impact on the rights and duties of persons subject to their limitations. *See United States v. Articles of Drug*, 634 F. Supp. 435, 457 (N.D. Ill. 1985). These SOPM rules must, therefore, be adopted according to the APA. *See also Ramer v. Saxbe*, 522 F.2d 695, 697 (D.C. Cir. 1975) (recognizing that the Bureau of Prisons is an "agency" within the

---

motion on the ground of mootness; however, the court on its own motion extended the scope of the hearing to review the Commissioner of Public of Safety's traditionally asserted release powers.

[2] The United States Congress has enacted a statute requiring persons sentenced to a term of imprisonment to remain in the custody of the Bureau of Prisons unless released according to specific statutory guidelines, *see* 18 U.S.C.S. § 3621; however, unlike the Fono, Congress also expressly provided the conditions for releasing prisoners prior to the expiration of their sentence. *See* 18 U.S.C.S. § 3621-22, 3624 (Lawyer's Co-operative Publishing, 1990 & 1994 Supp.).

definition of the APA, and that its rulemaking is subject to the APA's applicable requirements).[3]

■ Rulemaking under the APA requires several steps, including giving meaningful advance notice of the terms or substance of the proposed action; providing interested persons reasonable opportunity to submit "data, views, and arguments, orally or in writing;" filing the rule with the Secretary of American Samoa,[4] with the Clerk of the House of Representatives, and with the Secretary of the Senate; and making the rule available for public inspection. A.S.C.A. §§ 4.1004, 4.1005, 4.1008, 4.1010, 4.1020(a). In the instant case, the Governor and the Commissioner of Public Safety failed to follow these APA procedures and failed to give the SOPM rules and regulations dealing with prisoner release programs the force and effect of law.

Finally, even if SOPM rules constitute "law" prescribing the procedures for prisoner release, the Acting Commissioner of Public Safety's decision in the instant case to release a prisoner who had not served a minimum of three months at the Territorial Correctional Facility, contrary to the SOPM's own Section 7.1.1.6, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See Pullman-Standard v. U.S.*, 529 F. Supp. 283 (D. Ill. 1981) (emphasis added).

## CONCLUSION AND ORDER

The Acting Commissioner of Public Safety authorized work release for Defendant in violation of A.S.C.A. § 46.2303(c) because the release was

---

[3] Rule making is an essential component of the administrative process and is often the preferred method for developing agency policies. *Trans-Pacific Freight Conference of Japan/Korea v. Federal Maritime Commission*, 650 F.2d 1235, 1244-45 (D.C. Cir. 1980), *cert. denied, Sea-Land Service, Inc. v. Federal Maritime Commission*, 451 U.S. 984 (1980). However, rule making must follow certain procedures if the rules are to become effective, procedures that "minimize the dangers of arbitrary and irrational decision-making." *See State of S.C. ex rel Patrick v. Block*, 558 F. Supp. 1004, 1015 (D.S.C. 1983). "[It] is only when decisions are made in an atmosphere of public understanding, awareness, and participation that resulting rules and regulations reflect a spirit which is consistent with our form of government and thus entitled to the respect of the courts." *Id.* (citing *New Jersey v. United States Envtl. Protection Agency*, 626 F. 2d 1038, 1045 (D.C. Cir. 1980) and *Weyerhauser Co. v. Costle*, 590 F.2d 1011, 1028-29 (D.C. Cir. 1978)).

[4] The Secretary of American Samoa is the Lieutenant Governor. Am Samoa Rev. Const., art. IV, § 3.

121

not according to procedures prescribed by law. Therefore, Defendant is hereby ordered to remain in custody at the Territorial Correctional Facility for the duration of his sentence, unless and until there is a change in the law governing prisoner release.

The Clerk of Courts shall cause a copy of this Opinion and Order to be served not only upon the parties but also upon the Commissioner of Public Safety and the Warden of the Territorial Correctional Facilities.

It is so ordered.